15166

ROGERS v. ROGERS

(11 S. E. (2d), 521)

November, 1939.

*Mr. W. C. Moore,* for appellant,

*Messrs. Gibson & Muller,* for respondent, cite: *Estoppel:* 97 S. C., 129.

November 15, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

This is an action at law in which the prayer of the complaint was for judgment against the defendant in the sum of forty dollars and costs. It was tried in the Court of Common Pleas and resulted in a directed verdict for the plaintiff accordingly. It is indicated that it is in the nature of a test case and that more will be involved in the event of it than that amount. For an understanding of the controversy it is necessary that the facts upon which it was tried be at least roughly stated.

L. B. Rogers, Sr., of Dillon County, possessed of large landholdings and personal property, executed his will there dated November 6, 1912, and died soon after. To each of ten children he devised various tracts of land, to the devisee for life and "then to his children, the child or children of any deceased child to take the share or portion the parent would be entitled to if living, and in case he (the life tenant) should die without leaving any such child or children, then the same shall revert to the heirs of my (testator's)

body, share and share alike," 'etc. There were also bequests of personal property and Paragraph 16 of the will was a residuary clause whereby the residue was given equally to nine of his children by name, excluding the plaintiff and D. F. Rogers, the last named being an eleventh child, a resident of Georgia, and also excluded from the other provisions of the will, as to which latter we shall now see the explanation.

At about the time, but before the execution of his will, the testator executed a deed to his son, D. F. Rogers, of certain lands in Lee County, Georgia, which was duly delivered but never recorded and the original could not be located at the time of the trial; however, its contents were testified to without objection or contradiction. The deed to this Georgia land was upon the identical limitations that attached to the various devises in the will, quoted above. It is explained in the testimony that this route was followed in order to obviate the necessity of afterward proving the will in Georgia, and there seems to have been a full family understanding of the matter.

Some years after the death of their father, D. F. Rogers wrote his brothers and sisters in South Carolina that the Georgia land was unprofitable to him and sought of them an agreement whereby he would be permitted to sell the land and reinvest the proceeds in profitable land or securities which he would hold subject to the limitations contained in the deed which his father made to him and similar to the limitations upon the devises in the will of his father to the other children.

This negotiation resulted in a contract dated January 31, 1917, between D. F. Rogers of Georgia on the one part, and his brothers and sisters, individually, and plaintiff also as one of the executors of the will (although it appears from the testimony that the executors had theretofore completed the discharge of their trust). This agreement recites the execution of a deed in fee to D. F. Rogers by his brothers and sisters of the Georgia land, although it appears from the

testimony that such deed was not actually executed until some time after the execution of the contract. D. F. Rogers in turn agreed to hold the proceeds of any sale by him for his life, using the income for himself, but not encroaching upon the principal, which it was then anticipated would be at least the sum of $12,000.00 but sale of the property at a lesser figure was authorized, and it was further agreed by the parties that if D. F. Rogers should die without a living child or descendant thereof, the principal should revert to the heirs-at-law of L. B. Rogers, Sr., the father of all of the contracting parties.

Bearing varying dates of execution by the different grantors, from February 3, to February 19, 1917, deed was delivered in consummation of the contract by his brothers and sisters to D. F. Rogers in fee of the Georgia land upon the stated consideration of $12,000.00. Reference in the deed was made to the source of title of L. B. Rogers, Sr., the fact of the latter's residence in South Carolina and his death in November, 1912, leaving of force his will, a copy of which was filed in the Clerk's office of Lee County, apparently for record with the deed, and thereafter the recital whereby this controversy arose, to the effect that the property described in the deed passed under Paragraph 16 of the will of L. B. Rogers, Sr., deceased. It will be here remembered that the plaintiff was not included as a beneficiary under Paragraph 16 which was the residuary clause of the will.

Likewise it should be remembered at this point, for it is controlling, that the Georgia property did not in fact pass under that or any other paragraph of the will for it had been previously conveyed by the testator to D. F. Rogers in order to avoid (according to the testimony) the inconvenience of including the property in the will and thereby necessitating the proof of and proceedings upon the will in the State of Georgia. The forerunning contract and the deed in consummation of it were prepared by attorneys of the State of Georgia employed for the purpose by D. F.

Rogers and with the acquiescence of the South Carolina members of the family.

D. F. Rogers died in 1938 without children or descendants of such and upon assertion against his widow and estate of the claim by his brothers and sisters it was settled for the sum of $4,000.00 cash, through the agency of two or three of the South Carolina brothers with the aid of Georgia counsel employed by them. The fee of the latter, $400.00, was deducted, which left $3,600.00 for equal distribution by them among the ten South Carolina brothers and sisters, but in fact it was distributed $400.00 each to nine, excluding the plaintiff, hence this suit for $40.00 by the latter against one of his brothers as for money had and received.

The answer contains the essentials of the foregoing statement of facts and sets up as a defense the alleged estoppel of the plaintiff to claim any interest in the cash settlement on account of the recital in the deed, above referred to, which deed plaintiff executed, to the effect that the Georgia property passed under Paragraph 16 of the will. The plea was overruled by the trial Judge in his direction of a verdict for the respondent, above referred to. Appellant agrees that there was no issue for the jury, but contends that the verdict should have been directed in his favor.

There are several exceptions in the record, but counsel for appellant admirably reduces them in his argument to a single question, the decision of which in the negative will determine his appeal adversely, as follows: "Should not the Court have construed the provision or stipulation set out in the deed of February 19, 1917, to the effect that the property therein conveyed should pass under Item 16 of their father's will as being a complete relinquishment and disclaimer on the part of the respondent of any and all interest in the fund involved in this action?"

As above indicated the answer refers to estoppel, of which essential elements are so plainly lacking that it needs no

comment. The quoted question veers off to disclaimer. But we have searched the record in vain for evidence of any knowing relinquishment, disclaimer or waiver by respondent of any right, title, interest or claim which he had in the proceeds of the property. His explanation that the recital in the deed referring to Paragraph 16 of his father's will, not contained in the forerunning contract, did not come to his attention is reasonable and probable. But what if it did? Appellant was one of the co-makers of this deed with the respondent. It was not a contract or transaction between them in the sense that one was a grantor and one a grantee, but they and their brothers and sisters joined in the execution of the deed to and for the accommodation of their brother in Georgia, and we know of no sound reason why the right of any one of them in the proceeds of the property should be adversely affected to the advantage of another or others by the mere inclusion in the deed of matter beyond the purpose of the parties to it. The record discloses no change in position of appellant or prejudice to him on account of respondent's inattention to this content of the deed and likewise no occasion for declaration or action thereabout by the latter other than he has made and taken.

Appellant cites and relies for his position upon the decision in *Keitt v. Andrews,* 4 Rich. Eq., 349. However, a study of the report of that case reveals facts of no similarity with this. An estate was administered and divided equally among five grandchildren, the shares of the two older having been receipted for and the fiduciary released by them by separate formal writings on December 15, 1841, and January 21, 1843, respectively; and on December 18, 1851, they sued, seeking to set aside their releases and discharges and open the settlement for the purpose of recovering the shares allotted to three younger grandchildren who, it was contended, should have been excluded from the distribution, claiming that they were "misinformed, mistaken and deceived as to the extent of their rights and interests under

the will." It was held that although the available plea of the Statute of Limitations was not set up, the settlement had remained unquestioned for too long a time to be disturbed, one of the complainants having acquiesced for more than ten years and the other for nearly eight years, meanwhile being in full information.

In this case the record indicates that there was no lack of promptness on the part of the respondent in the assertion of his claim after the accrual of the proceeds, but it is sought to deny him his portion only because of the recital in the deed which he and others had executed to another without knowledge of the existence of the erroneous recital. Incidentally, it may be fairly inferred from the record that the reference in the deed to Paragraph 16 of the will of their father was inserted by the Georgia attorneys in order to supply a more perfect record of the title to the land in that State, there being no record of the deed from the testator to D. F. Rogers.

We thus conclude that there was no error in the judgment below and it is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.